UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FABRIZI TRUCKING & PAVING CO., INC.,** | ) ) ) | **CASE NO. 5:12cv1275** |
| PLAINTIFF, | ) ) | |
| vs. | ) ) ) | **JUDGE SARA LIOI** |
| **PORTAGE COUNTY, et al.,** | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANTS. | ) | |

Before the Court are the following motions: (1) defendant United States Department of Agriculture's ("USDA")'s motion to dismiss for lack of subject matter jurisdiction and insufficient service of process (Doc. No. 12); and (2) defendant Portage County's ("County")'s motion to dismiss for lack of subject matter jurisdiction (Doc. No. 14). Plaintiff Fabrizi Trucking and Paving Co., Inc. ("plaintiff" or "Fabrizi") filed oppositions to the motions (Doc. Nos. 13, 15). Further, the USDA filed a reply brief. (Doc. No. 16.) This matter is ripe for disposition. For the reasons that follow, the separately filed motions to dismiss are **GRANTED** based on lack of subject matter jurisdiction.

**I.    BACKGROUND**

On May 21, 2012, Fabrizi filed this action against the County and the USDA, seeking damages in the amount of $90,339.40 for breach of contract and unjust enrichment. (Doc. No. 1.) The complaint alleges that the County entered into a contract with Fabrizi to install sanitary sewers, a sanitary pump station, and sewer lines. (*Id*.; Doc. No. 1-3 at 12.)[1] It is further

---

[1] The contract between the County and plaintiff is attached to the complaint as Exhibit A (Doc. No. 1-3), making it properly before the Court for consideration. *See Rondigo, L.L.C. v. Twp. of Richmond,* 641 F.3d 673, 681 (6th Cir. 2011) (without converting a motion to dismiss to one for summary judgment, court may consider exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to the defendant's

alleged that the USDA awarded a grant to the County to complete the project and that the USDA participated in management of the project. (Doc. No. 1 at 2.) The complaint asserts that pursuant to the contract's terms, the County was entitled to, and did, withhold amounts under the contract, commonly referred to as "retainage" in the construction industry. (Doc. No. 1 at 3.) Following unanticipated delays, which the complaint attributes to adverse weather conditions and the County, plaintiff completed the project and submitted its final application for payment with the County, including a request for payment of the retainage. (*Id*. at 3-4.) The complaint alleges that defendants, either collectively or individually, refused to make this final payment. (*Id*. at 4.) Plaintiff seeks to recover this amount from the County and/or the USDA. (*Id*.) The complaint does not allege a basis for this Court's jurisdiction.

On August 30, 2010, the USDA moved to be dismissed as a party defendant from this action for lack of subject matter jurisdiction. The USDA's motion argues that it is immune from suit on plaintiff's claims and that, even if was not immune, the United States Court of Federal Claims has exclusive jurisdiction over the claims against it. The USDA also seeks dismissal on the grounds that plaintiff had failed to properly perfect service upon the USDA in accordance with Fed. R. Civ. 4(i) and 4(m).

On September 21, 2012, the County also moved to dismiss this case for lack of subject matter jurisdiction. Its motion argues that in the event the Court grants the USDA's motion, this Court would lack original jurisdiction over this action and should therefore dismiss this case pursuant to 28 U.S.C. § 1367(c)(3).

II.     **STANDARD OF REVIEW**

---

motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein).

Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990). *See also, DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). *See also, Kusens v. Pascal Co.,* 448 F.3d 349, 359 (6th Cir. 2006) ("federal courts are under an independent obligation to examine their own jurisdiction").

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true, applying the Rule 12(b)(6) standard in considering them. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990); *Smith v. Encore Credit Corp.,* 623 F.Supp.2d 910, 914 (N.D. Ohio 2008).

A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie,* 15 F.3d at 598; *Moir,* 895 F.2d at 269; *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1135 (6th Cir. 1996). On a factual attack, the Court has broad discretion to consider extrinsic evidence, including affidavits and documents, and can conduct a limited evidentiary hearing if necessary. *See DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004); *Ohio Nat'l*

*Life Ins. Co. v,* 922 F.2d at 325. In this case, the USDA submits that the complaint is both facially and factually deficient, and the County submits that the complaint is facially deficient.

**III.     ANALYSIS**

**A.  The USDA's motion**

The USDA contends that this Court lacks subject matter jurisdiction over this dispute because it is immune from suit as to plaintiff's claims pursuant to the Tucker Act, 28 U.S.C. § 1491. Further, the USDA argues that in the event of a waiver of immunity permitting plaintiff to proceed, the Tucker Act, 28 U.S.C. 1346(a)(2), limits the Court's subject matter jurisdiction to claims not exceeding $10,000.00. These arguments are well taken.

It is well settled that the "United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan,* 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). A waiver of sovereign immunity must be clear, express, and unambiguous. *United Liberty Life Ins. v. Ryan,* 985 F.2d 1320, 1325 (6th Cir. 1993).

The Tucker Act, 28 U.S.C. § 1491, operates as a grant of jurisdiction and a waiver of sovereign immunity for certain types of claims by giving the United States Court of Federal Claims jurisdiction over those claims. *United States v. Mitchell,* 463 U.S. 206, 212 (1983). Specifically, the Tucker Act provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or *upon any express or implied contract with the United States*, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). The Tucker

4

Act applies to contract disputes with the United States involving more than $10,000. 28 U.S.C. § 1346(a)(2). "The [Little] Tucker Act provide[s] concurrent jurisdiction in the district courts over claims not exceeding $10,000."*United States v. Mitchell*, 463 U.S. 206, 212 n. 10 (1983) (citing 28 U.S.C. § 1346(a)(2)). The jurisdiction, conferred by the Tucker Act, to hear and determine express or implied contracts with the United States, extends only to contracts either express or implied in fact, and not to claims on contracts implied in law. *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (citations omitted).

"Under the Tucker Act, the United States consents to be sued only by those with whom it has privity of contract." *Eubanks v. United States*, 25 Cl. Ct. 131, 137 (1992) (citing *Erickson Air Crane Co. v. United States,* 731 F.2d 810, 813 (Fed. Cir. 1984); *United States v. Johnson Controls, Inc.,* 713 F.2d 1541, 1550–51 (Fed. Cir. 1983)). "[T]he plaintiff [must] provide 'evidence of the existence of some type of contract between it and the United States,' [or] it cannot[] . . . recover directly from the United States." *Id.* at 1550 (quoting *Putnam Mills Corp. v. United States,* 202 Ct. Cl. 1, 8, 479 F.2d 1334, 1337 (1973)). It is axiomatic that "if the United States is not a named party to a contract, jurisdiction cannot be asserted against it as a party unless the person entering into the contract was acting within the scope of his authority to bind the United States. *Id.* at 138 (citing *Porter v. United States,* 204 Ct. Cl. 355, 360 (1974), *cert. denied,* 420 U.S. 1004 (1975); *D.R. Smalley & Sons, Inc. v. United States,* 178 Ct. Cl. 593, 598, *cert. denied,* 389 U.S. 835 (1967)). "[I]t is well settled . . . that a local authority does not become an agent of the federal government due to a federal agency's control and supervision of grant funds." *Id.* (quoting *DeRoche v. United States*, 2 Cl. Ct. 809, 812 (1983)).

Here, the USDA argues, and the Court agrees, that plaintiff neither alleges, nor has, any privity of contract nor an implied contract with the United States. Therefore, the Tucker

5

Act does not provide a basis on which plaintiff can proceed. It is undisputed that the contract in this case was between the County and Fabrizi; the USDA was not a party to the contract. Further, the complaint's allegations that the USDA funded the project in this case and participated in its management are insufficient to infer an agency relationship between the County and the USDA, such that the County could bind the United States. *Eubanks, supra.*

Additionally, to the extent plaintiff seeks to hold the USDA liable for unjust enrichment, such a claim is an implied in law contract claim, *Reisenfeld & Co. v. Network Grp., Inc.*, 277 F.3d 856, 860 (6th Cir. 2002) (citations omitted), over which the courts lack jurisdiction under the Tucker Act. *City of Cincinnati v. United States*, No. 103CV731, 2007 WL 956432, at *4 (S.D. Ohio Mar. 27, 2007) ("claims grounded on implied-in-fact contracts may be brought under the Tucker Act, but the Act does not confer jurisdiction with respect to contracts implied in law. . . . The Tucker Act is understood to permit district courts to hear only cases which could be heard by the Court of Claims." (citing *Army & Air Force Exch. Serv. v. Sheehan,* 456 U.S. 728, 738, n. 10 (1982); *Richardson v. Morris,* 409 U.S. 464, 465-66 (1973)); *Alnor Check Cashing v. Katz*, 821 F. Supp. 307, 316 (E.D. Pa.), *aff'd*, 11 F.3d 27 (3d Cir. 1993) (citation omitted).

Plaintiff's brief in opposition does not refute the USDA's arguments. Instead, plaintiff argues that the USDA's motion is "premature" and urges the Court to deny the motion to permit plaintiff an opportunity to engage in discovery to investigate its claims further. Yet, plaintiff cites no case law in support of allowing this case to proceed to discovery in the absence of a waiver of immunity and offers no viable legal theory upon which the federal district courts could exercise jurisdiction over its claims against the USDA.

Furthermore, even if the Tucker Act did grant a waiver of immunity permitting plaintiff to proceed in his action, this Court lacks subject matter jurisdiction over Fabrizi's claims, which indisputably exceed the $10,000.00 jurisdictional limit prescribed by § 1346(a)(2).[2] Accordingly, in the event plaintiff has a viable claim against the USDA, such claim would fall within the exclusive jurisdiction of the Court of Federal Claims, and this Court does not have jurisdiction over such claim regardless of any other possible statutory bases. *A.E. Finley & Assoc., Inc. v. United States,* 898 F.2d 1165, 1167 (6th Cir. 1990).

For all the foregoing reasons, plaintiff's claims against the USDA are dismissed.[3]

**B. The County's Motion**

The County argues that if the Court dismisses plaintiff's claims against the USDA, the Court lacks original jurisdiction over this action, and under § 1367(c)(3), the Court should decline to exercise supplemental jurisdiction.

Section 1367(a) provides that, in any action in which the district courts "have original jurisdiction," they may exercise supplemental jurisdiction over state law claims related to the federal claim. However, once the district court determines that subject matter jurisdiction over the plaintiff's federal claims does not exist the court must dismiss the plaintiff's state law claims. *See Scarfo v. Ginsberg, DBG 94,* 175 F.3d 957, 962 (11th Cir. 1999); *Rodríguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims."). As discussed above, the

---

[2] On its face, the complaint demands judgment against the USDA in the amount of $90,339.40. (Doc. No.1.)

[3] The USDA also argued that Fabrizi's complaint should be dismissed for failure to serve the USDA in accordance with Fed. R. Civ. P. 4(i) and (m). Because the Court has determined that dismissal of the USDA is warranted for lack of subject matter jurisdiction, the Court need not reach the sufficiency of service upon the USDA.

Court has already determined that it lacks subject matter jurisdiction over plaintiff's claims against the USDA and, therefore, if jurisdiction is appropriate at all, it must be based upon original jurisdiction over plaintiff's claims against the County.

The complaint, however, does not set forth any independent grounds for the Court's jurisdiction over plaintiff's claims against the County. "The failure to comply with the requirement of Rule 8(a)(1) . . . that the complaint contain 'a short and plain statement of the grounds upon which the court's jurisdiction depends' does not require dismissal for lack of jurisdiction provided that the complaint reveals a proper basis for jurisdiction." *Wong v. Bacon*, 445 F. Supp. 1177, 1182 (N.D. Cal. 1977) (quoting Fed. R. Civ. P. 8(a)(1)). The County argues correctly that the complaint reveals no such basis. There is no diversity jurisdiction under 28 U.S.C. § 1332, as both plaintiff and the County are Ohio citizens. Further, plaintiff has not alleged that its claims against the County arise under any federal law and, therefore, there is no federal question jurisdiction under 28 U.S.C. § 1331. Nor does plaintiff argue any grounds for jurisdiction in response to the Rule 12(b)(1) motions. Accordingly, plaintiff has failed to carry its burden of demonstrating subject matter jurisdiction over its claims against the County and those claims are therefore dismissed.

### IV. CONCLUSION

For all the foregoing reasons, the separately filed motions to dismiss for lack of subject matter jurisdiction are **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: December 28, 2012

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**